1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHARLES DURHAM,                )
                               )
            Plaintiff,         )        2:12-cv-00602-GMN-CWH
                               )
vs.                            )        REPORT AND RECOMMENDATION
                               )
CONAM MANAGEMENT CORP.,        )
                               )
            Defendant.         )
_____)

This matter came before the Court for a Show Cause hearing on January 9, 2013.

Plaintiff Charles Durham filed his complaint on April 12, 2012. (#1). The answer was filed on

August 23, 2012. (#8). The parties participated in an Early Neutral Evaluation Session ("ENE")

on October 10, 2012, but were unable to reach a settlement. *See* Mins. of Proceedings (#15).

Shortly after the ENE, Plaintiff's counsel filed a motion to withdraw (#16) indicating that

Plaintiff had ceased communicating with counsel's firm. The Court set the motion for hearing

and ordered Plaintiff to personally attend. *See* Minute Order (#17). The Court further ordered

Plaintiff's counsel to serve notice of the hearing and appearance requirement on Plaintiff and

provide proof of notice. *Id.* Plaintiff's counsel attempted to personally serve Plaintiff with a

copy of the order at several different addresses, but to no avail. (#18). Counsel also sent his

former client a copy of the Court's order via United States mail. (#19). Nevertheless, Plaintiff

did not personally appear at the hearing as required.

Accordingly, the motion to withdraw (#16) was granted and Plaintiff was ordered to

appear before the undersigned United States Magistrate Judge on **Wednesday, January 9, 2013**,

at 9:00 AM in Courtroom 3C, Lloyd D. George U.S. Courthouse, 333 Las Vegas Boulevard

South, Las Vegas, Nevada, and show cause why the Court should not impose sanctions, up to

and including a recommendation that the complaint be stricken and default entered. *See* Order

1  (#22).  Plaintiff was expressly warned:

2             **FAILURE TO APPEAR AT THE JANUARY 9, 2013 HEARING**
           **WILL RESULT IN A RECOMMENDATION THAT**
3             **[PLAINTIFF'S] COMPLAINT BE STRICKEN AND DEFAULT**
           **ENTERED IN FAVOR OF DEFENDANT CONAM**
4             **MANAGEMENT CORP.**

5  *See* Order (#22) at 1:27-2:2.  The Court further instructed the Clerk of Court to mail a copy of the

6  Show Cause Order via certified mail to Plaintiff' last known address and via regular first-class

7  mail to two additional addresses provided by Plaintiff's former counsel.  All were returned as

8  undeliverable.  *See* (#24) and (#25).

9       The Show Cause hearing went forward on January 9, 2013.  Plaintiff did not appear.

10  Thus, the Court can only conclude that Plaintiff has abandoned his case and, therefore, will

11  recommend that Plaintiff's complaint be stricken and this case dismissed with prejudice.

12                            **DISCUSSION**

13       The broad, underlying purpose of the Federal Rules is to "secure the just, speedy, and

14  inexpensive determination of every action and proceeding."  *See* Fed. R. Civ. P. 1.  It is with that

15  charge as a guide that this Court construes and administers the Federal Rules.  The Federal Rules

16  provide several mechanisms whereby courts can accomplish this goal through the use of

17  sanctions against a party that fails to comply with the Federal Rules or unnecessarily multiplies

18  the proceedings.  For example, Rule 16 is a central pretrial rule that authorizes court to manage

19  cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of

20  the trial is improved, and settlement is facilitated."  *In re Phynylpropanolamine Products*

21  *Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006).  "Subsection (f) puts teeth into these

22  objectives by permitting the judge to make such orders as are just for a party's failure to obey a

23  scheduling or pretrial order, including dismissal."  *Id.*  Rule 16(f) specifically provides that "[o]n

24  motion or on its own, the court may issue any just orders, including those authorized by Rule

25  37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or pretrial

26  conference; (B) is substantially unprepared to participate–or does not participate in good faith–in

27  the conference; or (C) fails to obey a scheduling order or other pretrial order."  Rule

28  37(b)(2)(A)(v) provides that: "[i]f a party . . . fails to obey an order to provide or permit

1    discovery . . . the court where the action is pending may issue further just orders . . . . includ[ing]:
2    . . . dismissing the action or proceeding in whole or in part."

3        Dismissal for failure to obey a court order or permit discovery is a harsh penalty and
4    should only be imposed in extreme circumstances.  *Malone v. U.S. Postal Serv.*, 833 F.2d 128,
5    130 (9th Cir. 1987).  Courts weigh the following five factors when determining whether to
6    dismiss a case for failing to comply with a court order: "(1) the public's interest in expeditious
7    resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
8    defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
9    availability of less drastic sanctions."  *In re Phynylpropanolamine Products Liability Litigation*,
10   460 F.3d at 1226 (internal citations and quotations omitted).  "These factors are not a series of
11   conditions precedent before the judge can do anything, but a way for the district judge to think
12   about what to do."  *Id*. (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir.
13   1998).  Although preferred, it is not required that the district court make explicit findings to show
14   that it has considered these factors.  *Id*.  A dismissal sanction will only be overturned if the
15   reviewing court is left with "a definite and firm conviction that it was clearly outside the
16   acceptable range of sanctions."  *Id*.  (internal citations and quotations omitted).

17       **1.  Expeditious Resolution of Litigation**

18       "Orderly and expeditious resolution of disputes is of great importance to the rule of law.
19   By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is
20   costly in money, memory, manageability, and confidence in the process."  *In re*
21   *Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1227.  Here, the Plaintiff has
22   failed to communicate with his counsel, failed to comply with multiple court orders, failed, and
23   failed to appear at a show cause despite having notice and being expressly warned that failure to
24   appear would result dismissal.  This behavior is inconsistent with Rule 1's directive to "secure a
25   just, speedy, and inexpensive" determination of this action.

26       **2.  Court's Need to Manage Its Docket**

27       It has long been recognized that the court's inherent power to control its docket includes
28   the ability to issue sanctions of dismissal where appropriate.  *Thompson v. Housing Authority of*

1   *Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted).  As the Supreme Court has

2   held, the sanction of dismissal "must be available to the district court in appropriate cases, not

3   merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter

4   those who might be tempted to such conduct in the absence of such a deterrent." *National*

5   *Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).

6           Here, Plaintiff failed to appear at both the December 11, 2012 and January 9, 2013

7   hearings.  Each of these failures occurred despite Plaintiff being on notice that failure to

8   personally appear may result in sanctions, including dismissal.  Despite repeated attempts to

9   allow Plaintiff to continue to prosecute this matter, it appears that Plaintiff is ignoring, avoiding,

10  or otherwise refusing to comply with the Court's orders.  Plaintiff has not provided valid

11  justification for its failures to comply with Court orders or to appear at hearings.  These failures

12  have thwarted the advancement of this case making it difficult for the Court to effectively

13  manage its docket.

14          **3. Risk of Prejudice**

15          The actions of an opposing party that impair the ability to go to trial or interferes with the

16  rightful decision of the case are prejudicial.  *Cf. Adriana Intern. Corp. v. Thoeren*, 913 F.2d

17  1406, 1413 (9th Cir. 1990).  Plaintiff has refused to participate in this case through the willful

18  violation of  Court orders.  This refusal to participate in the litigation or comply with the Court's

19  order is highly prejudicial and impairs the ability of Defendant defend the case and interferes

20  with the rightful decision of the case.

21          **4. Public Policy**

22          "[T]he public policy favoring disposition of cases on their merits strongly counsels

23  against dismissal." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1228

24  (citation omitted).  Although this factor may cut against dismissal it is not enough, standing

25  alone, to prevent dismissal.

26          **5. Less Drastic Sanctions**

27          The Court must consider the adequacy of less drastic sanctions before imposing

28  dismissal.  *Malone*, 833 F.2d at 131 (citation omitted).  Three questions facilitate this analysis:

- 4 -

1   (1) are less drastic sanctions available and, if so, why would they be inadequate; (2) were

2   alternative sanctions employed prior to ordering dismissal; and (3) was the party subject to

3   dismissal warned of the possibility of dismissal.  *Id.* at 132.  Less drastic sanctions would not be

4   effective in this case as Plaintiff has repeatedly demonstrated his willingness to ignore court

5   orders.  The Court has made every effort to avoid entering dismissal and permit Plaintiff to

6   continue.  Nevertheless, Plaintiff did not appear at the hearing and continues to frustrate

7   advancement of this case.

8          Based on the foregoing and good cause appearing therefore,

9                              **RECOMMENDATION**

10          **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be **dismissed with**

11   **prejudice**.

12                                  **NOTICE**

13          Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must

14   be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court

15   has held that the courts of appeal may determine that an appeal has been waived due to the failure

16   to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This

17   circuit has also held that (1) failure to file objections within the specified time and (2) failure to

18   properly address and brief the objectionable issues waives the right to appeal the District Court's

19   order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d

20   1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir.

21   1983).

22          DATED this 10th day of January, 2013.

23

24          _____

25          C.W. Hoffman, Jr.
            United States Magistrate Judge

26

27

28

- 5 -